SPENCER, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, April 18, 1905.

1. **AGENCY:** Admissions. Statements made by one apparently in charge of the business office of a corporation are not admissible in evidence against the corporation, in the absence of any showing that such person is an officer of the corporation or authorized to speak for it.

2. **INSURANCE: Lapsed Policy: Evidence.** In an action on a lapsed policy of life insurance, the evidence is examined and held sufficient to show the policy had expired as extended insurance before the death of the insured.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*O. T. Hamlin* for appellant.

(1)   The statements made in the letter from Messenger were binding.   He was not only an agent, but I contend acting as a principal, as he was one of the officers of the defendant, and the statements made were in his line of duty.   Costigan v. Michael Transfer Co., 38 Mo. App. 219; McDermott v. Railroad, 87 Mo. 285; Kaes v. Lime Co., 71 Mo. App. 101; Campbell v. Railroad, 86 Mo. App. —.   (2)   In determining whether a case should have been submitted to the jury the testimony on the part of plaintiff should be taken as true and every reasonable inference therefrom in plaintiff's favor should be made.   Dorsey v. Railroad, 83 Mo. App. 528; Streube v. Christopher et al., 85 Mo. App. 640; Pauk v. St. Louis Dressed Beef and Provision Co., 150 Mo. 467.

*Sebree & Farrington* for respondent.

In all the appellate courts in this State it has been repeatedly held that the declarations of an officer of a corporation, to be admissible, must be made at the time of the transaction. Investment Company v. Fillingham, 85 Mo. App. 540; Chillicothe v. Raynard, 80 Mo. 189; Harper v. Telephone Co., 92 Mo. App. 313; Adams v. Railroad, 74 Mo. 553. A statement of an agent concerning a past event is no part of the *res gestae,* and is inadmissible. Ruschenberg v. Electric Co., 161 Mo. 79, 61 S. W. 626.

BLAND, P. J.—On August 20, 1892, defendant insured the life of James W. Spencer for the sum of two thousand dollars for the benefit of plaintiff, the wife of the insured, in consideration of an annual premium of $84.16, payable for a term of fifteen years. The defendant agreed that the annual premium might be paid in quarterly installments of $21.88 each. The policy contained the following clause: "In case of default in payment of any premium after the third, this policy will remain in force for the term specified in the table of 'Paid-up Insurance' indorsed hereon." The indorsement referred to by this clause is as follows:

"Paid Up Term Insurance Allowed at the End of the Years Designated.

| Years from date of issue. | Paid Up Years. | Term Months. |
|---|---|---|
| 3 | 4 | 11 |
| 4 | 6 | 8 |
| 5 | 8 | 5 |

Spencer died on the twenty-second day of January, 1903. The defendant denied all liability on the policy, claiming that it had expired as extended insurance

prior to the death of Spencer. The suit is to recover on the policy. At the close of plaintiff's case, the court peremptorily instructed the jury that she could not recover whereupon she took a nonsuit with leave to move to set the same aside. The motion to set aside the nonsuit was overruled and she appealed.

Plaintiff contends that the policy lapsed and went into extended insurance November 20, 1896. If this contention is shown by the evidence to be true, then it is conceded by defendant that the policy was in force on the day of J. W. Spencer's death and plaintiff is entitled to recover. Defendant's contention is that the policy lapsed on May 20, 1896, and that it expired as extended insurance before the death of Spencer; and plaintiff admits that if the policy lapsed on the twentieth of May, 1896, she is not entitled to recover. To show that the policy did not lapse until November 20, 1896, plaintiff offered in evidence the following letter:

"January 30, 1903.
"John L. Way, State Agent, St. Louis, Mo.

"Sir: I am in receipt of a communication from James W. Spencer, 210 East Pacific street, Springfield, Missouri, in reference to his policy, No. 69884. This policy was issued August 20, 1892, for $2,000 on the 15 payment life plan, age 45. The policy lapsed November 20, 1896, and went into extended term insurance, which expired April 20, 1901. Mr. Spencer writes concerning its reinstatement. This may be done provided the unpaid back premiums are paid to date of reinstatement, compounded at 5 per cent interest, and also if a satisfactory full examination be furnished.

"Sincerely yours,
"H. J. MESSENGER."

Messenger was the actuary of the company, and the letter was in answer to a letter dated at Springfield, Missouri, January 27, 1903 (written and signed by L. D. Fafth but purporting to be signed by James W.

Spencer) making inquiry in respect to the status of the. policy. Messenger's deposition was taken by plaintiff and offered in evidence. He testified that he did not personally write the letter, but signed it and inferred from initial marks upon it that it was written by his assistant. Messenger also testified that premiums were not paid to him; that he had no personal knowledge as to the number or dates or payments of premiums by Spencer on the policy, but had ascertained from the books of the company that the policy lapsed May 20, 1896, and that the statement in the letter, that the policy lapsed November 20, 1896, was a mistake.

James Donnell, a son-in-law of James W. Spencer, testified that on January twenty-second or twenty-third, 1904, he went to the office of the defendant company, in the city of St. Louis, and made inquiry about the policy, and when asked what occurred there, over the objection of defendant, testified as follows:

"A. Well, I don't know the fellow's name that I saw, but I went into the office and he was busy off in another room, and there was a railing out there and I stood out there by the railing, but I told them that I wanted to see the head man in regard to a policy.

"Q. After a while a man came up? A. Yes, sir. He came up, and I asked him—I told him that I wanted to know what shape the policy of J. W. Spencer was in, and wanted to know if it could be renewed, and I told him I wanted to know when the last payment was made, and he went and looked in an old book and laid it up on a counter in there and said that the last payment was made August 20, 1896, and that if Mr. Spencer would get a certificate of good health from the doctor and pay up the back premiums that they would renew the policy. I never told him that Mr. Spencer was dead. He stated that the last premium was paid August 20, 1896.

"Q. Did you see the book? A. No, sir. I was back of the railing.

"Q.  You say you didn't tell him Mr. Spencer was dead?  A.  No, sir.

"Q.  After you first saw him, did he leave you, or look up any record outside of just getting this book? After you spoke to him about it?  A.  He took the policy and looked on this book and said the last payment was made on August 20, 1896, and started to figure up how much this back interest would be, but I just wanted to know when the policy run out, and didn't care to know how much premiums were due."

The evidence of James Donnell was wholly incompetent for the reason it is not shown that the person in the office of the defendant from whom he received his information was an officer of the defendant authorized to speak for it or bind it, in respect to any admission or statement, as to what was shown by its books of account, and for the further reason the books themselves are the best evidence and should have been produced in court or their non-production accounted for.  With Donnell's evidence eliminated from the record, all that is left in the way of evidence to establish plaintiff's case is the letter of Messenger, stating that the policy went into extended insurance November 20, 1896.  Countervailing this statement is the sworn evidence of Messenger offered by plaintiff that the statement in the letter, that the policy went into extended insurance on November 20, 1896, was a mistake, and that, as shown by the books of the company, the policy in fact lapsed on May 20, 1896.  The witness also stated that premiums were not paid to him, did not pass through his hands as an officer of the company, and that he had no personal knowledge of the time when the policy did in fact lapse. This evidence entirely destroys the probative force, if any it had, of the statement in the Messenger letter, that the policy lapsed November 20, 1896, and left the plaintiffs without any substantial evidence to show or tend to show that the policy was in force when her husband died, and we think the giving of the per-

emptory instruction to find for defendant was eminently proper.

The judgment is affirmed. All concur.